UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAYLEY GRAHAM, | ) |
| Plaintiff, | ) Civil Action No.: 2:17-cv-4969 |
| v. | ) Judge: |
| SOUTHWEST CREDIT SYSTEMS, L.P., | ) Magistrate Judge: |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, HAYLEY GRAHAM ("Plaintiff"), through her attorney, SCOTT, VICKNAIR, HAIR & CHECKI, LLC, alleges the following against Defendant, SOUTHWEST CREDIT SYSTEMS, L.P. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in New Orleans, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency domiciled in Carrollton, Texas.

11. Defendant is a business entity engaged in the collection of debt within the State of Louisiana.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

18. The alleged debt at issue arose from transactions for personal, family, or household

purposes.

19. Plaintiff does not owe the alleged debt to Defendant or the original creditor, AT&T UVERSE ("AT&T").

20. Plaintiff is currently in the process of obtaining a mortgage loan.

21. Prior to the actions of Defendant described herein, Plaintiff was pre-approved for her desired mortgage loan.

22. On or around January 11, 2017, Plaintiff was advised she is no longer pre-approved for her desired mortgage loan due to a collection account on her credit report.

23. On or around January 12, 2017, Plaintiff obtained a copy of her credit report and identified a collection account reported by Defendant for an alleged AT&T debt.

24. On or around January 13, 2017, Plaintiff called Defendant, disputed the alleged debt, and requested Defendant remove the alleged debt from her credit report.

25. Defendant refused to remove or edit the alleged debt.

26. Defendant failed to note the debt as disputed on Plaintiff's credit report despite Plaintiff's dispute.

27. Defendant, despite communicating with the credit bureaus after Plaintiff's dispute, failed to communicate to the credit bureaus the disputed debt was disputed.

28. Plaintiff received a collection letter from Defendant in or around late January, 2017.

29. Defendant's collection letter misrepresents the amount, nature, and status of the alleged debt.

30. Defendant's collection letter attempts to collect amounts not authorized by contract or law.

31. Defendant's collection letter failed to advise Plaintiff of her validation rights under the

FDCPA.

32. Defendant failed to send Plaintiff written notice of her validation rights under 15 U.S.C. § 1692g.

33. Defendant's collectors were working within the scope of their employment when they communicated with Plaintiff.

34. Defendant's collectors are familiar with the FDCPA.

35. The natural consequence of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

36. The natural consequence of Defendant's statements and actions was to cause Plaintiff mental and emotional distress.

## VIOLATIONS OF THE FDCPA

37. The preceding paragraphs are incorporated as if fully stated herein.

38. Defendant is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

39. Defendant is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

40. Defendant is liable under 15 U.S.C. § 1692g for failing to send Plaintiff a written notice containing the language required by section 1692g.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in her favor and against Defendant, including the following relief:

1. An injunction requiring Defendant to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA of $1,000.

3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k.

4. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k.

5. Any other relief that this Court deems appropriate.

DATED: May 16, 2017                     RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq., T.A. #36081
Scott, Vicknair, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@svhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff